Submitted on briefs January 5, 1927, affirmed January 25, 1927.

# E. I. WARREN *v.* SALMON RIVER–GRANDE RONDE HIGHWAY IMPROVEMENT DISTRICT ET AL.

### (252 Pac. 562.)

**Highways—Law Permitting Improvement District to Borrow Money to 10 Per Cent of Assessed Valuation Held not in Conflict With Constitutional Provision Limiting County Indebtedness to 6 Per Cent (Laws 1921, Chap. 399; Const., Art. XI, § 10).**

1. Laws of 1921, Chapter 399, permitting highway improvement district to borrow money up to 10 per cent of assessed valuation of property within corporation's limits, *held* not in conflict with Constitution, Article XI, Section 10, providing no county shall incur indebtedness exceeding 6 per cent of assessed valuation of property therein, which applies only to counties.

**Constitutional Law—Statute Permitting Trustees of Improvement District to Issue Bonds Without Notice to Taxpayers Held not Denial of "Due Process" Where Corporation was Formed by Popular Vote (Laws 1921, Chap. 399).**

2. Laws of 1921, Chapter 399, permitting trustees of highway improvement district to sell and dispose of bonds without notice to taxpayers, *held* not to deprive owner of property without due process of law, where district was created by popular vote, of which due notice was given; property owners being bound by powers vested in trustees by law on organization of district.

**Highways—Legislature Could Give Improvement District Power to Sell Bonds Up to 10 Per Cent of Assessed Valuation of Property Therein (Laws 1921, Chap. 399).**

3. Laws of 1921, Chapter 399, granting highway improvement district power to borrow money and sell and dispose of bonds up

to 10 per cent of assessed valuation of property within its limits, *held* within power of legislature to enact.

**Constitutional Law—Propriety of Legislation is not Judicial Question.**

4. Propriety of legislation presents legislative rather than judicial question.

---

Highways, 29 C. J., p. 554, n. 72, p. 566, n. 52.

From Yamhill: W. M. RAMSEY, Judge.

In Banc.

This is a suit to enjoin the Salmon River-Grande Ronde Highway Improvement District, a municipal corporation, and its trustees from issuing and selling district highway improvement bonds in the sum of $125,000. From a decree dismissing the suit plaintiff appeals.                      AFFIRMED.

For appellant there was a brief over the name of *Mr. Chas. P. Taff.*

For respondents there was a brief over the names of *Messrs. Vinton & Tooze* and *Mr. Eugene E. Marsh.*

BELT, J.—1. The sole question involved is the constitutionality of Chapter 399, Laws of Oregon for 1921, by virtue of which the defendant corporation was organized. This act purports to grant power to the corporation, through its trustees, "to borrow money and to sell and dispose of bonds * * not exceeding in the aggregate 10 per cent of the assessed valuation for state and county purposes of all property within the limits of said corporation." Appellant asserts the bonded indebtedness which the district proposes to create "exceeds six per cent of the assessed valuation of all property in the county," and

---

4. See 6 R. C. L. 107.

is therefore in conflict with Section 10, Article XI of the Constitution of Oregon, which provides:

"No county shall create any debts or liabilities which shall singly or in the aggregate, with previous debts or liabilities, exceed the sum of $5,000, except to suppress insurrection or repel invasion or to build or maintain permanent roads within the county; and debts for permanent roads shall be incurred only on approval of a majority of those voting on the question, and shall not either singly or in the aggregate, with previous debts and liabilities incurred for that purpose, exceed six per cent of the assessed valuation of all the property in the county."

There is no merit in this contention, as the above constitutional provision plainly and explicitly applies to counties and not to municipal corporations of this character: *Straw* v. *Harris*, 54 Or. 424 (103 Pac. 777).

2. Plaintiff also urges that the act purporting to grant power to the corporation to issue and sell bonds deprives her of her property without due process of law. She claims there was no notice given nor opportunity granted to be heard upon the question of whether such bonded indebtedness should be created. The defendant highway improvement district was created by vote of the people in the district affected. Due and proper statutory notice of the special election held to determine whether the district should be formed and incorporated under the terms of the above act was given. Plaintiff was bound to take cognizance of the powers vested in the trustees by law, upon organization of the district. She had an opportunity to express her approval or rejection of the measure at an election duly held. Her constitutional rights have in no way been infringed upon.

3, 4. Whether legislation is wise presents a legislative rather than a judicial question. It is a law

the enactment of which was within the power of the legislature.

The decree of the trial court is affirmed.

AFFIRMED.